**Shirley WILDER, et al., Plaintiffs,**

v.

**Blanche BERNSTEIN, individually and as Administrator of the New York City Human Resources Administration, et al., Defendants.**

**No. 78 CIV. 957(RJW).**

United States District Court, S.D. New York.

Oct. 24, 1997.

---

* Editor's Note: The class notice is deleted for publication purposes.

Marcia Robinson Lowry, Susan Lambiase, Rebecca Kim Kimura, Children's Rights, Inc., New York City, for Plaintiffs.

Julie E. O'Neill, Kenneth Michaels, Corp. Counsel of the City of New York, New York City, for Defendants.

## MEMORANDUM DECISION

ROBERT J. WARD, District Judge.

In an Opinion dated August 12, 1997, this Court granted plaintiffs' application made pursuant to 42 U.S.C. § 1988 and 1920, and awarded plaintiffs attorney's fees in the amount of $72,149.15 and expenses in the amount of $2,813.46. Familiarity with the Court's Opinion is assumed. Plaintiffs now move, pursuant to Rule 6.3, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 6.3"), for reconsideration of the decision. For the reasons that follow, the motion is denied.

## BACKGROUND

On February 19, 1997, plaintiffs filed an application seeking attorney's fees in the amount of $112,457.90 and out-of-pocket litigation expenses in the amount of $27,394.41. Arguing that the award sought was excessive, defendants opposed the application on the grounds that plaintiffs had: (1) failed to demonstrate the reasonableness of their proposed hourly rates; (2) exercised poor billing judgment; (3) submitted vague time entries; and (4) sought reimbursement of expert fees in contravention of 42 U.S.C. § 1988.

The Court awarded plaintiffs fees and expenses totaling $72,149.15. The difference between the amount sought and the fees awarded was based on the Court's findings that: (1) plaintiffs had failed to demonstrate that their proposed hourly rates were "prevailing market rates;" (2) plaintiffs had sought reimbursement for travel time to and from court dates at full hourly rates; (3) some of plaintiffs' time entries were not sufficiently detailed; and (4) plaintiffs were not entitled to reimbursement for expert fees under 42 U.S.C. § 1988. In their motion for reconsideration, plaintiffs challenge only the hourly rates fixed by the Court.

## DISCUSSION

### I. Plaintiffs' fee application

█ Plaintiffs in this action are represented by Children's Rights, Inc. ("CRI"), a nonprofit child advocacy organization. In their fee application, plaintiffs requested hourly rates of between $185 and $400 for their attorneys. The Court noted that the "burden is on the applicant to demonstrate that its fees are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Wilder v. Bernstein,* 975 F.Supp. 276, 281 (S.D.N.Y.1997) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)).

To ascertain prevailing market rates in New York, as required by *Blum,* the Court examined the evidence submitted by both parties. In support of their application,

plaintiffs submitted the affidavit of William Josephson, a partner in the corporate department of Fried, Frank, Harris, Shriver & Jacobson ("Fried, Frank"), a large New York law firm. Mr. Josephson stated that the rates requested by plaintiffs were in line with those charged by Fried, Frank for lawyers of comparable seniority. Plaintiffs also submitted the affidavit of Stanley S. Arkin, of Arkin Schaffer & Kaplan LLP, who stated that the rates sought by plaintiffs were "well within the range of rates charged by lawyers with comparable credentials and experience in major law firms in New York City."

Plaintiffs also relied on a survey entitled "A Firm–by–Firm Sample of Billing Rates Nationwide," conducted by the National Law Journal and published in the December 2, 1996 issue. The survey includes only six New York firms, a small segment of the New York legal market. Plaintiffs summarize the relevant portions of the survey as follows:

> For example, the range of hourly rates for partners in the six firms is $205–$490. For associates, the range is $100–300.

Pls.' Mem. Supp. Mot. Recons., at 7–8. Accepting plaintiffs' example, the rates awarded by the Court ($300 for Marcia Robinson Lowry, who would be the equivalent of a partner, $225 for Susan Lambiase, a junior partner, and $130 for Rebecca Kim Kimura, a junior associate), are well within the applicable market range.

Defendants' opposition to the fee application included a summary of thirty-one recent fee awards, most of them from this district, which specified the hourly rates awarded in each case. Many of the cases, like the instant one, involved civil rights. With the exception of the Arkin Affidavit, which makes reference to "major New York law firms," plaintiffs' evidence was limited to rates charged by the largest and most expensive firms in New York. The Court, however, found this narrow glimpse of the New York legal market overly restrictive and opted instead to look to the recent fee awards in this district, which demonstrated that the rates sought by plaintiffs were excessive.

## II. The motion for reconsideration

Plaintiffs seem to recognize in their motion for reconsideration that the legal community in New York is not comprised entirely of large law firms servicing Fortune 500 clients. To that end, plaintiffs argue that the rates they seek are also charged by premiere boutique firms engaged in complex litigation. In support of their motion for reconsideration, plaintiffs submit the affidavits of Richard Emery and Charles Stillman, litigators at such Manhattan boutique firms. Plaintiffs attached the Stillman and Emery affidavits to their reply memorandum without seeking the Court's permission to do so. This constitutes a direct violation of Local Civil Rule 6.3, which provides that, "[n]o affidavits shall be filed by any party unless directed by the court."

■ Accordingly, the Court will not consider new evidence at this late date. *Algie v. RCA Global Communications, Inc.,* 891 F.Supp. 875, 882 (S.D.N.Y.1994) (noting that Rule 3(j) is not a vehicle for the losing party to submit new evidence). The Stillman and Emery affidavits will be disregarded since they were filed in clear violation of Local Civil Rule 6.3, the rule invoked by the plaintiffs in making this motion.

Local Civil Rule 6.3 also provides that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Plaintiffs claim that the Court overlooked *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) and *Miele v. New York State Teamsters Conference Pension & Retirement Fund,* 831 F.2d 407 (2d Cir.1987), and improperly reduced plaintiffs' award because they are represented by nonprofit counsel.[1]

■ Plaintiffs assertions to the contrary notwithstanding, this Court relied heavily on

---

1. Plaintiffs also argue that the Court overlooked *Cohen v. West Haven Bd. of Police Com'rs,* 638 F.2d 496 (2d Cir.1980), which noted that "it is improper to reduce an award of fees on the basis of ... a defendant's municipal status." Since there was no such reduction, the Court adhered to *Cohen.*

*Blum v. Stenson* in determining the hourly rates to be awarded plaintiffs. The Supreme Court held in *Blum* that " 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." 465 U.S. at 895, 104 S.Ct. at 1547. The August 12, 1997 Opinion makes clear that the Court recognized its obligation under *Blum* and complied with it, awarding plaintiffs prevailing market rates.

The Court was also persuaded, however, by the Second Circuit's holding in *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir.1983). In *Carey,* the court reversed an award of attorney's fees to a non-profit office based on the hourly rates of Cravath, Swaine & Moore. According to the Second Circuit, the "District Court's use of Cravath's rates to compensate these non-profit offices was so inordinately generous as to be unreasonable." 711 F.2d at 1150. In the instant case, this Court found that, "[a]warding CRI fees based on the hourly rates of Fried, Frank would likewise produce a windfall." *Wilder v. Bernstein,* 975 F.Supp. 276, 282 (S.D.N.Y.1997).

Plaintiffs claim that *Carey* has been effectively overruled by *Miele,* in which the Second Circuit observed that the concern about windfall fees it had expressed in *Carey* was not shared by the Supreme Court in *Blum.* The court continued, holding that, "after *Blum v. Stenson* we have recognized that prevailing market rates are fully applicable to fee awards to non-profit organizations." *Miele,* 831 F.2d at 409. As is evident from its August 12, 1997 Opinion, this Court ascertained and awarded prevailing market rates, as required by *Blum* and *Miele.* That being so, it cannot be said that the Court overlooked *Miele.*

### CONCLUSION

Plaintiffs failed to prove that their proposed hourly rates were "prevailing market rates" or that the rates awarded by the Court were below market. Therefore, plaintiffs' motion pursuant to Rule 6.3, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, is denied.

It is so ordered.